JOHN D. DENNIS, Executor, *et al. vs.* GARDNER S. PERRY *et als.*

A bill in equity charged several respondents with obtaining by conspiracy and fraud shares of stock in a certain bank, and prayed for a reconveyance and for an injunction forbidding the transfer of them until final decree.

The bank, against which no charges were made, was joined as a co-respondent and demurred to the bill.

*Held*, that the bank was improperly joined.

BILL IN EQUITY for the return of personal estate obtained by improper influence. On demurrer filed by one of the respondents.

The bill in this case was brought by the executor and a legatee of Joseph T. Perry, against certain respondents, charging them

---

[1] And see *Hoxie* v. *Ellis*, 4 R. I. 123.

with having obtained from said Perry, some years after the execution of his will, and after his mind had been impaired by age and weakness, the transfer of certain personal estate, a part of which was fourteen shares of the capital stock of the First National Bank of Newport. The bill charges that the transfer was obtained without any consideration, and by improper means, and that it covered property specifically bequeathed to the legatee. The bill prays for a decree enjoining any transfer of the property until final decree, ordering the return and re-transfer of the property, either to the executor or to the legatee, and requiring the defendant in possession to account for the profits and income.

In addition to the parties against whom these charges were made, and this relief requested, the First National Bank was made a party and was served with process. The individual respondents made answer. The First National Bank demurred to the bill.

*Providence, February* 21, 1880. PER CURIAM. We do not find that the bill alleges that the First National Bank either conspired or colluded with the other defendants in the fraud which they are charged with having practised on Joseph T. Perry; but it only alleges that the bank knew that Joseph T. Perry was of unsound mind, and for that reason incapable of making a valid transfer of his property, and that knowing this, it wrongfully and improperly assented to his transferring certain of his shares in the stock of the bank. It is possible that the allegation might be sufficient to affect the bank with liability if it were charged that in consequence of its assent to the transfer the shares transferred had been lost to the said Joseph T. Perry, or to his estate. But the bill contains no such charge. On the contrary, it shows that they are still in the hands of one of the other defendants, who are charged with having fraudulently procured the transfer to be made. The bill simply prays for a reconveyance of them. Such a reconveyance will have to be made by the present holder. The bank will have nothing to do with it, except to allow it to be made or recorded on its transfer books. It will be the duty of the bank to allow this whenever the holder, in obedience to the decree of the court, calls upon it to do so. The bill contains no allegation showing that it will refuse to do it. In the absence of such an allegation we cannot presume

that it will refuse. We see no reason, therefore, why the bank should be made a party to the bill, and required to answer and defend itself. Story's Equity Pleading, §§ 231–233 *a.*

It is urged that the bank is a proper party because an injunction is asked to prevent any transfer pending the litigation. It is enough, in our opinion, to enjoin the holder of the stock. The bank cannot transfer it without him. If the complainants are apprehensive that the holder will not regard the injunction, they can notify the bank of it, by way of precaution.

*Demurrer sustained.*

*William P. Sheffield*, for the complainants.

*George H. Browne & Nathan W. Littlefield*, for the respondents.